# MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

FILED
Dec 19  2 33 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN

<u>SUMMARY ORDER</u>

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 15th day of September, two thousand and three.

Present:
> HON. JON O. NEWMAN,
> HON. SONIA SOTOMAYOR,
> HON. RICHARD C. WESLEY,
>
> *Circuit Judges.*



FILED
SEP 15 2003
Roseann B. MacKechnie, CLERK
SECOND CIRCUIT

-------------------------------------------------------------------------x

BERNARD C. DUSÉ,

       *Appellant,*

v.                                                                                                   No. 03-7033

INTERNATIONAL BUSINESS MACHINES CORP.,
RICHARD J. SWEETNAM AND
CHRISTOPHER C. BURDETT,

       *Defendants-Appellees.*

-------------------------------------------------------------------------x

BERNARD C. DUSÉ, Alexandria, Virginia, *pro se*.

PETER M. SCHULTZ, Paul, Hastings, Janofsky & Walker, LLP (Patrick W. Shea, on the brief), Stamford, Connecticut, for International Business Machines Corp. and Richard J. Sweetnam;
JOHN G. STRETTON, Updike, Kelly & Spellacy, P.C. (Christopher L. Brigham and Barbara A. Frederick, on the brief), New Haven, Connecticut, for Christopher C. Burdett.

Issued as mandate 12/15/03

UPON DUE CONSIDERATION of this appeal from the United States District Court for the District of Connecticut (Arterton, J.), it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Bernard C. Dusé, *pro se*, appeals from an order and judgment of the United States District Court for the District of Connecticut (Arterton, J.), granting the defendants' motions to dismiss Dusé's action. Dusé brought suit pursuant to Federal Rule of Civil Procedure 60(b), seeking to set aside a judgment in a prior case for fraud upon the court.

Dusé primarily contends on appeal that the district court erred in concluding that his action was barred because he had raised the fraud claim in the underlying action. Dusé argues that, although he raised the factual circumstances surrounding his claim in the underlying action, he did not actually raise the fraud upon the court claim itself. Thus, Dusé argues, this claim was not fully litigated.

This Court "review[s] a district court's dismissal of a Rule 60(b) motion for abuse of discretion." *Manning v. New York Univ.*, 299 F.3d 156, 162 (2d Cir. 2002). Substantially for the reasons stated by the district court, we affirm the district court's judgment. *See Dusé v. IBM Corp.*, 212 F.R.D. 58 (D. Conn. 2002). Although Dusé now claims that he did not fully litigate this claim, Dusé acknowledges that he disclosed the alleged fraud during the underlying lawsuit in opposition to IBM's summary judgment motion. Thus, the district court correctly found that the independent action was barred since Dusé previously raised, or could have raised, the same fraud claim in the prior action.

Dusé raises several additional arguments on appeal which we have considered, and find to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: _____
Oliva M. George, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

FILED
DEC 19  2 34 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 15th day of September, two thousand and three.

Present:
    HON. JON O. NEWMAN,
    HON. SONIA SOTOMAYOR,
    HON. RICHARD C. WESLEY,

    *Circuit Judges.*



------------------------------------------------------------x

BERNARD C. DUSÉ,

    *Appellant,*

v.                  No. 03-7033

INTERNATIONAL BUSINESS MACHINES CORP.,
RICHARD J. SWEETNAM AND
CHRISTOPHER C. BURDETT,

    *Defendants-Appellees.*

THE MANDATE, CONSISTING OF ITEMS BELOW, HAS BEEN RECEIVED
( ) OPINION  ( ) STATEMENT OF COSTS
(✓) ORDER
RECEIVED BY: _____ DATE: _____

------------------------------------------------------------x

BERNARD C. DUSÉ, Alexandria, Virginia, *pro se.*

PETER M. SCHULTZ, Paul, Hastings, Janofsky & Walker, LLP (Patrick W. Shea, on the brief), Stamford, Connecticut, for International Business Machines Corp. and Richard J. Sweetnam;
JOHN G. STRETTON, Updike, Kelly & Spellacy, P.C. (Christopher L. Brigham and Barbara A. Frederick, on the brief), New Haven, Connecticut, for Christopher C. Burdett.

UPON DUE CONSIDERATION of this appeal from the United States District Court for the District of Connecticut (Arterton, J.), it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Bernard C. Dusé, *pro se*, appeals from an order and judgment of the United States District Court for the District of Connecticut (Arterton, J.), granting the defendants' motions to dismiss Dusé's action. Dusé brought suit pursuant to Federal Rule of Civil Procedure 60(b), seeking to set aside a judgment in a prior case for fraud upon the court.

Dusé primarily contends on appeal that the district court erred in concluding that his action was barred because he had raised the fraud claim in the underlying action. Dusé argues that, although he raised the factual circumstances surrounding his claim in the underlying action, he did not actually raise the fraud upon the court claim itself. Thus, Dusé argues, this claim was not fully litigated.

This Court "review[s] a district court's dismissal of a Rule 60(b) motion for abuse of discretion." *Manning v. New York Univ.*, 299 F.3d 156, 162 (2d Cir. 2002). Substantially for the reasons stated by the district court, we affirm the district court's judgment. *See Dusé v. IBM Corp.*, 212 F.R.D. 58 (D. Conn. 2002). Although Dusé now claims that he did not fully litigate this claim, Dusé acknowledges that he disclosed the alleged fraud during the underlying lawsuit in opposition to IBM's summary judgment motion. Thus, the district court correctly found that the independent action was barred since Dusé previously raised, or could have raised, the same fraud claim in the prior action.

Dusé raises several additional arguments on appeal which we have considered, and find to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *[signature]*
Oliva M. George, Deputy Clerk

2